UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DELARIAN K. WILSON, | Case No. 2:16-cv-02989-JAD-GWF |
| Petitioner | |
| v. | **ORDER** |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Respondents | |

Pro se petitioner Delarian K. Wilson brings this habeas petition under 28 U.S.C. § 2254 to challenge his 2008 state-court convictions pursuant to a guilty plea for robbery with the use of a weapon and sexual assault. The court has reviewed the amended petition (ECF No. 4) in accordance with Habeas Rule 4, and now orders that the petition be docketed and served on the respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**IT IS THEREFORE ORDERED** that the Clerk **shall ELECTRONICALLY SERVE** the amended petition (ECF No. 4) on the respondents and **add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents**.

**IT IS FURTHER ORDERED** that **the respondents have until September 24, 2017, to file a response to the petition**—including any motion to dismiss.[1] **Any**

---
[1] Any other request by petitioner for relief by motion is subject to the normal briefing schedule under the local rules.

1

**response filed must comply with these requirements** imposed under Habeas Rule 4:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.
2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.
3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that **petitioner has 45 days from service of the answer, motion to dismiss, or other response to file his reply or opposition**; any other requests for relief by respondents by motion are subject instead to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state-court record exhibits filed in this case by any party must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must be identified by the

2

number or numbers of the exhibits in the attachment. **The hard copy of any additional state court record exhibits (and all future courtesy copies of exhibits) must be forwarded to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label.**

DATED: June 26, 2017.

                                            _____
                                            JENNIFER A. DORSEY
                                            UNITED STATES DISTRICT JUDGE