UNITED STATES DISTRICT COURT
                                    DISTRICT OF NEVADA

Delarian K. Wilson,                              Case No.: 2:16-cv-02989-JAD-GWF

    Petitioner                               **Order Dismissing Petition as Untimely**

v.                                                         [ECF Nos. 9, 21, 24]

Nevada Department of Corrections, et al.,

    Respondents

    Pro se petitioner Delarian K. Wilson petitions for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Respondents move to dismiss the petition as untimely because Wilson filed this petition approximately seven and a half years beyond the statutory limitations period and is unable to demonstrate a basis for equitable tolling for that duration.[2] I agree, and I dismiss the petition.

                                        **Discussion**

**A.   Procedural history**

    On March 28, 2008, Wilson pleaded guilty to two counts: robbery with the use of a deadly weapon and sexual assault,[3] and the judgment of conviction was entered four months later.[4] The Nevada Supreme Court affirmed Wilson's convictions the following year and remittitur issued on August 4, 2009.[5] Wilson filed his state postconviction petition in October 2011, which was denied as untimely and, in the alternative, on the merits.[6] Wilson moved for clarification and reconsideration of that denial, and the Court, once again, denied the petition as

---

[1] ECF No. 4.

[2] ECF No. 9 at 4–6.

[3] ECF No. 10-23.

[4] ECF No. 10-28.

[5] ECF Nos. 12, 12-1.

[6] ECF No. 12-13.

                                              1

untimely.[7] Wilson appealed that decision, but he voluntarily withdrew the appeal, so the Nevada Supreme Court dismissed it on May 14, 2014.[8] After Wilson's second attempt at appealing the denial of his state-court petition, the Nevada Supreme Court affirmed the dismissal on October 16, 2016, and remittitur issued three weeks later.[9] Wilson mailed his federal habeas petition for filing on April 24, 2017.[10]

**B.     Statute of limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for filing a federal habeas corpus petition.[11] The one-year period begins to run from the date on which a petitioner's judgment became final upon conclusion of direct review or when the time for seeking direct review expires.[12] A properly filed petition for state postconviction relief can toll the period of limitations.[13]

"[T]he process of direct review . . . includes the right to petition [the United States Supreme Court] for a writ of certiorari."[14] Supreme Court Rule 13 provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment" or "if a petition for rehearing is timely filed . . . from the date of the denial of rehearing."[15] The one-year

---

[7] ECF No. 13-20.

[8] ECF Nos. 13-23, 14-2, 14-3.

[9] ECF Nos. 14-25, 14-26.

[10] ECF No. 4.

[11] 28 U.S.C. § 2244(d).

[12] 28 U.S.C. § 2244(d)(1)(A).

[13] 28 U.S.C. § 2244(d)(2).

[14] *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

[15] Supreme Court Rule 13.

period of limitations begins to run when the Supreme Court affirms a conviction on the merits, denies a petition for a writ of certiorari, or the 90 days expires.[16]

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing."[17] Equitable tolling is "unavailable in most cases,"[18] and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."[19] The petitioner ultimately has the burden of proof on this "extraordinary exclusion."[20] He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing.[21] Ignorance of the one-year limitations period does not qualify as an extraordinary circumstance.[22]

**C.    Wilson's petition is time barred.**

Respondents argue that Wilson's petition is untimely because more than 2,750 days (seven and a half years) of untolled time passed before Wilson filed his federal petition.[23] Wilson's 90 days to file a petition with the United States Supreme Court began to run on July 7, 2009, and expired on October 5, 2009, at which point AEDPA's one-year limitations period began to run, making October 5, 2010, the deadline to file a federal habeas petition absent tolling. Wilson didn't even file his state habeas petition until October 2011 or his federal habeas petition until April 2017.

---

[16] *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

[17] *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority).

[18] *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

[19] *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

[20] *Id.* at 1065.

[21] *See, e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

[22] *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

[23] ECF No. 9 at 4–6.

Wilson's federal petition is therefore time barred unless he can demonstrate that he is entitled to equitable tolling. Wilson argues that his counsel was ineffective for failing to tell him that remittitur had issued. But he acknowledges that he knew that his conviction had been affirmed at least as early as July 2010, which was within the one-year limitations period, and he waited almost another 18 months before filing his state habeas petition. His state petition's pendency cannot serve as a basis for tolling because the federal period had already expired before he filed it. And he fails to demonstrate a basis for tolling the period prior to his state-court filing.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that respondents' motion to dismiss this petition as untimely **[ECF No. 9] is GRANTED.** Wilson's petition is **DISMISSED with prejudice.** And because reasonable jurists would not find my decision to dismiss this seven-and-a-half-years-late petition as untimely to be debatable or wrong, I decline to issue a certificate of appealability.

All other pending motions **[ECF Nos. 21, 24] are DENIED as moot.**

The **Clerk of Court** is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

Dated: June 28, 2018

_____
U.S. District Judge Jennifer A. Dorsey