UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Delarian K. Wilson,

    Petitioner

v.

Nevada Department of Corrections, et al.,

    Respondents

Case No.: 2:16-cv-02989-JAD-GWF

**Order Denying Motions for Reconsideration and Certificate of Appealability**

[ECF Nos. 30, 31]

On June 29, 2018, I granted respondents' motion to dismiss and dismissed pro se petitioner Delarian Wilson's 28 U.S.C. § 2254 habeas petition as untimely.[1] Judgment was entered that same day.[2] Wilson has now filed what he styled as a "composite" motion for certificate of appealability and a motion for reconsideration.[3] I already denied Wilson a certificate of appealability. In my June 29, 2018, order, I concluded: "And because reasonable jurists would not find my decision to dismiss this seven-and-a-half-years-late petition as untimely to be debatable or wrong, I decline to issue a certificate of appealability."[4] Wilson's request for one is therefore denied.

As for reconsidering my order, Federal Rule of Civil Procedure 60(b) allows the moving party to relief from judgment for "any . . . reason justifying relief . . . ."[5] Relief under this catch-all provision requires "extraordinary circumstances."[6] Rule 60(b) applies to habeas proceedings, but only in conformity with the Antiterrorism and Effective Death Penalty Act (AEDPA),

---

[1] ECF No. 27.

[2] ECF No. 28.

[3] ECF Nos. 30, 31.

[4] ECF No. 27 at 4.

[5] FED. R. CIV. P. 60(b)(6).

[6] *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

1

including the limits on successive federal petitions.[7]  When a motion for reconsideration challenges the court's analysis and decision on the merits of a claim, then the motion "is in substance a successive habeas petition and should be treated accordingly."[8]  "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[9]  Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244.[10]

Wilson urges me to reconsider his timeliness issue.  That argument is therefore properly construed as a second or successive petition.[11]  He must obtain authorization from the Ninth Circuit before he can proceed with a second or successive petition.[12]  Because he has not done so, Wilson's motion for reconsideration is denied.  Reasonable jurists would not find this conclusion to be debatable or wrong, so I decline to issue a certificate of appealability for this holding.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Wilson's motions for a certificate of appealability and reconsideration **[ECF Nos. 30, 31] are DENIED.**

. . .

---

[7] *Id.* at 529; 28 U.S.C. § 2244(b).

[8] *Gonzalez*, 545 U.S. at 531.

[9] 28 U.S.C. § 2244(3)(A).

[10] *McNabb v. Yates*, 576 F.3d 1028, 1029–30 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

[11] *Henderson*, 396 F.3d at 1053.

[12] 28 U.S.C. § 2244(b)(3).

IT IS FURTHER ORDERED that a certificate of appealability regarding any issue is DENIED as set forth in this order.

Dated: July 30, 2018

_____
U.S. District Judge Jennifer A. Dorsey